# IN THE COURT OF APPEALS OF IOWA

No. 20-0830
Filed April 14, 2021

**JACK LEONARD HAYS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.


Jack Hays appeals the dismissal of his second postconviction-relief action.
**AFFIRMED.**


Britt Gagne of Gagne Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.


Considered by Doyle, P.J., May, J., and Scott, .S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**MAY, Judge.**

The district court dismissed Jack Hays's second postconviction-relief (PCR) action because it was time-barred under Iowa Code section 822.3 (2019). Our review is for errors at law. *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). We affirm.

In September 2009, Hays broke into a woman's house and repeatedly strangled and raped her for three hours. *State v. Hays*, No. 11-0669, 2012 WL 4513885, at *1 (Iowa Ct. App. Oct. 3, 2012). A jury found Hays guilty of three counts of sexual abuse in the second degree and one count of burglary in the first degree. *Id.* at *4. Hays appealed. We affirmed. *Id.* at *10. Procedendo issued in December 2012. Hays then filed his first PCR action. *See Hays v. State*, No. 16-0630, 2017 WL 6027720, at *1 (Iowa Ct. App. Nov. 22, 2017). The district court denied relief. *Id.* We affirmed. *Id.* at *3. Procedendo issued in January 2018. Well over a year later, in April 2019, Hays filed the current PCR action. The State requested dismissal under Iowa Code section 822.6(2). The State argued Hays's current action is time-barred. The district court agreed and dismissed. This appeal follows.

Section 822.3 requires most PCR claims to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." But there are exceptions for claims based on "ground[s] of fact or law that could not have been raised within the" three-year period. Iowa Code § 822.3. The three-year "limitation does not apply" to those claims. *Id.*; *see also Penticoff v. State*, No. 19-0975, 2020 WL 5229186, at *2

(Iowa Ct. App. Sept. 2, 2020) (citing cases that recognize an implied limitation period that runs from the appearance of a new ground of fact or law).

Although procedendo issued in Hays's direct appeal in December 2012, he did not file this PCR action until April 2019. So Hays properly concedes that "some claims may be barred" by the three-year limitation. But Hays contends he can proceed with claims of newly-discovered evidence. Like the State, we read this to mean Hays is relying on the exception for "ground[s] of fact . . . that could not have been raised within the" three-year period. *See* Iowa Code § 822.3.

To benefit from this exception, Hays must show he "could not have raised the ground of fact within the limitations period." *See Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018). "The onus is on" Hays "to make this showing."[1] *Id.*

Hays has not done so. While Hays describes witnesses who were allegedly "unavailable to him in prior proceedings," he does not specify when he learned of the witnesses. He has not shown their testimony "could not have [been] raised . . . within the limitations period." *See id.*

Because Hays has not demonstrated reversible error, we affirm.

**AFFIRMED.**

---

[1] Additionally, the ground of fact must be "*relevant* to the challenged conviction," meaning it "must be of the type that has the *potential* to qualify as material evidence for purposes of a substantive claim under section 822.2." *Moon*, 911 N.W.2d at 143 (emphasis added) (citation omitted). We do not reach this additional requirement here.